UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-5005

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELSY APARICIO, a/k/a/ Yolanda Aparicio,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge.  (8:05-cr-00451-AW-1)

Submitted:  November 21, 2008      Decided:  December 22, 2008

Before WILKINSON, NIEMEYER, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

John M. McKenna, BRENNAN SULLIVAN & MCKENNA LLP, Greenbelt, Maryland, for Appellant.  Chan Park, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elsy Aparicio pled guilty pursuant to a written plea agreement to conspiracy to violate the Mann Act and conspiracy to launder money, in violation of 18 U.S.C. §§ 371, 1956(h) (2006). Aparicio was sentenced to a total term of thirty months' imprisonment. We grant the Government's motion to dismiss the appeal.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but questioning whether Aparicio's sentence is reasonable. Aparicio was notified of her right to file a pro se supplemental brief, but did not do so. The Government moves to dismiss the appeal, asserting the issue raised by counsel is precluded by the waiver of appellate rights in Aparicio's plea agreement. Aparicio opposes the motion.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). "Whether a defendant has effectively waived the right to appeal is an issue of law that we review de novo." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

> Where, as here, the United States seeks enforcement of an appeal waiver and there is no claim that the United States breached its obligations under the plea agreement, we will enforce the waiver to preclude a defendant from appealing a specific issue if the

2

> record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver.

Id. (internal citations omitted).  An appeal waiver is valid if the defendant knowingly and intelligently agreed to waive her right to appeal.  Id. at 169.  However, "[a]n appeal waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (internal quotation marks omitted).

The language in the plea agreement is clear and unambiguous.  Under the terms outlined in paragraph nineteen, Aparicio waived the right "to appeal whatever sentence is imposed, including . . . any issues that relate to the establishment of the advisory guidelines range, as follows: the Defendant waives any right to appeal from any sentence within or below the advisory guidelines range resulting from an adjusted base offense level of 22 . . . ."

At the Rule 11 hearing, it was established that Aparicio was forty-four years old and had completed two years of post-high school study at a university in El Salvador.  She did not have a history of mental illness or substance abuse.

3

Aparicio confirmed she had "gone through" the agreement with her attorney (aided by an interpreter) and signed it. The district court specifically questioned Aparicio regarding the appeal waiver, and Aparicio responded that she understood its effects. Therefore, we conclude the appeal waiver is both valid and enforceable. Further, because the issue raised on Aparicio's behalf clearly falls within the scope of the waiver, we conclude the terms of the agreement should be enforced.

Accordingly, we grant the Government's motion to dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED